RICHARD S. ARNOLD, Circuit Judge,
dissenting.
The Court’s able opinion is persuasive, but in one respect, at least, it leaves me unconvinced.
The plaintiffs allege (and it appears to be undisputed) that under the HOPE VI Plan certain units will not be open to younger disabled tenants. These units will be set aside for older tenants, including both disabled and non-disabled people. No units will be set aside for younger disabled people. This state of affairs, plaintiffs claim, violates several federal statutes and the Equal Protection Clause of the Fourteenth Amendment.
I believe this claim is ripe for adjudication. The aspects of the Plan challenged by plaintiff are firmly in place. They are absolutely excluded from being considered as tenants in the elderly-only portion of the new development. The Court appears to feel that the claim is not ripe because the plaintiffs might.be given housing in some other units also included in the HOPE VI Plan. That is, plaintiffs are not totally excluded from all HOPE VI facilities. This circumstance, it seems to me, may make plaintiffs’ claim less persuasive on the merits, but it has nothing to do with ripeness. The gist of their claim is not that any of them has been excluded from housing, but that they are prevented from applying for housing in a certain location, solely because of their status as younger people, notwithstanding the fact that they are disabled.
If the claim were of racial discrimination, rather than disability discrimination, surely no one would argue that it is not ripe. Say a housing authority sets aside a number of units for white people only. Other units, however, are equally available *961 to all races. The fact that a certain nonwhite plaintiff might get housing in these other units would not, it seems to me, mean that his claim that he is being deprived of equal treatment with respect to the projected all-white units is not ripe.
For these reasons, I respectfully dissent. I express no view on the merits of any of plaintiffs’ claims.